### JOE COBB v. THE STATE.

No. 2932. Decided February 14, 1914.

1.—Local Option—Indictment—Date of the Offense—Jurisdiction—Misdemeanor.

Where the indictment alleged that the election on local option was held prior to July 1, 1909, the offense was a misdemeanor and the County Court had jurisdiction, and in the absence of any showing that there had been a subsequent election by which this election was nullified, the same was still in force and the indictment was sufficient.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of a violation of the local option law, the evidence was sufficient, although conflicting, to sustain the conviction, there was no error.

Appeal from the County Court of Ellis. Tried below before the Hon. J. C. Lumpkins.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*C. A. Pippen* and *J. H. Sharp,* for appellant.—On question of date of offense: Stichtd v. State, 25 Texas Crim. App., 420; Temple v. State, 15 id., 304.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The indictment alleges that a prohibition election was held "anterior and prior to July 1, 1909, and in accordance with the laws of said State," etc. The contention of appellant is that the indictment is defective in that it does not show that the court had jurisdiction of the offense attempted to be charged, because the court judicially knows that the Thirty-first Legislature passed a law making the sale of liquor in local option territory a felony, and that said law does not apply to counties or subdivisions thereof unless a local option election in said county or subdivision thereof was held subsequent to the passage of said law, and the court does not know judicially when the local option election alleged to have been held in this indictment was held, if held at all, and the court judicially knows that unless said election was held prior to the passage of said law, that the court had no jurisdiction, because there is no allegation in said indictment as to when said election was held. An inspection of the indictment shows it alleges that the election was held prior to July 1, 1909. Under this allegation the party would subject himself to prosecution under the penalty in force under and by virtue of the law at the time said election was held, and if there was no subsequent election he would be punishable, if punishable at all, under and by virtue of the law that was in force at the time the sale was made. An inspection of the Acts of 1909 will show that the felony statute did not go into effect until some time in July, 1909. The called session of the Legislature enacting the felony punishment adjourned on the 11th day of May, the Act taking effect ninety days after adjournment. Therefore, the conclusion, in the absence of a subsequent election, is that the law in force on July 1, 1909, and prior thereto, is still in force. In order to get away from this proposition it should be shown there had been a subsequent election, by which the election held prior to the first of July was nullified. We think, therefore, that the allegation in the indictment is sufficient to show that the law was in effect at the time and prior to July 1, 1909, and going to the statement of facts we find that it is admitted that the law was then in effect and is still in force: We are of opinion that the indictment is sufficient as to the date.

The evidence in the case is seriously in conflict. The State's case shows the sale of the whisky by two witnesses; that for the appellant is equally as positive that it did not occur. Where the evidence is in this

condition this court will not be authorized to set aside the conviction.

The judgment is affirmed.                              *Affirmed.*